UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62336-CIV-GAYLES/SELTZER

DONOVAN E. LEWIS,

    Plaintiff,

vs.

HIDAY & RICKE, P.A. and
DODGE ENTERPRISES, INC.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court pursuant to Defendant's Motion to Compel Prior Statements Pursuant to Rule 26(b)(3)(C) [DE 17]. The Court held a hearing on February 5, 2019, at which counsel for all parties appeared.

On January 3, 2019, Defendant Dodge Enterprises, Inc. ("Dodge"), through its counsel, requested copies of any prior written statements which forms the basis of the allegations contained in Plaintiff's Complaint. Despite several e-mail requests, Plaintiff never provided the statements; in fact, Plaintiff's counsel never substantively responded to the three e-mails requesting production of Dodge's prior written statements.

On January 23, 2019, Dodge filed the present Motion to Compel seeking production of Dodge's previous statements and requesting an award of expenses incurred in making the motion, including attorney's fees. Rule 26(b)(3)(C) "explicitly grants a party access to its own previous statement in the hands of an opponent as a matter of right and without any particularized showing as to why it is entitled to what may otherwise be attorney work product." Murray v. Wal-Mart Stores, Inc., 2017 WL 972095, at *2 (D. Me. Mar. 10, 2017).

Accordingly, the Court issued an Order to Show Cause [DE 20] directing Plaintiff's counsel to appear and show cause why the motion should not be granted. In addition, the Order directed the parties to "work in good faith to resolve the issues raised in Defendant's motion" and directed that the hearing would be canceled upon notification from Defendant's counsel that the issues had been resolved.

The parties failed to reach an agreement and appeared before the Court. Defense counsel noted that previous written statements were emailed to his office over the weekend but that the parties still disagreed as to whether the Court had the authority to award Defendant its expenses. Rule 26(b)(3)(C) does authorize an award of expenses: "If the request [for prior statements] is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses." This is because Rule 26(b)(3)(C) is not discretionary; "the rule allows a party to obtain its previous statement 'on request.'" Drossin v. Nat'l Action Fin. Serv., Inc., 2008 WL 5110527, at *5 (S.D. Fla. Dec. 2, 2008) (Rosenbaum, M.J.).

At the hearing, Plaintiff's counsel announced, for the first time, that he never responded to the Rule 26(b)(3)(C) requests because they were premature: the parties had not yet conducted a Rule 26(f) discovery conference and, therefore, discovery had not yet commenced at the time the Rule 26(b)(3)(C) requests were made. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). According to Plaintiff's counsel, the lawyers held a Rule 26(f) conference late in the day on February 1, 2019, and he forwarded the responsive written statements

2

shortly thereafter. Thus, Plaintiff argues because the Rule 26(b)(3)(C) requests were prematurely made, no sanctions can be imposed for failing to respond to the requests.

Although it is true that a Rule 26(b)(3)(C) request is outside the scope and form of a request for production under Rule 34, a Rule 26(b)(3)(C) request is clearly a method of discovery. Indeed, the sanctions sought by Defendant are sanctions available under Rule 35(a)(5) for expenses incurred in the making of a discovery motion. The Court, therefore, concurs with Plaintiff and finds that both the Rule 26(b)(3)(C) request and the Motion to Compel made by Dodge were premature. For this reason, the Court cannot impose the sanctions requested by Dodge.

The Court, nevertheless, reminds all counsel of the Introductory Statement to the General Rules of this Court:

> Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida. Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

Furthermore, Rule 1, Federal Rules of Civil Procedure, provides: "These rules . . . should be construed, administered, and employed by the courts and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It goes without saying that the entirety of this dispute could have been avoided by a brief e-mail response.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Prior Statement Pursuant to Fed. R. Civ. P. 26(b)(3)(C) is **DENIED AS MOOT** and that Defendant's request for an award of expenses is **DENIED.**

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, this 6th day of February 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF